UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:99CV129-V-02
(5:96CR5-V-04)

| | |
|---|---|
| **HERBERT RAMSEY,**     )<br>     Petitioner,     )<br>                         )<br>     v.                  )<br>                         )<br>**UNITED STATES OF AMERICA,** )<br>     Respondent.     )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the petitioner's document captioned as "Movant's Motion To Preserve Newly Recognized Right Pursuant To <u>U.S. v. Booker</u>, 543 U.S. 220 (2005) Or Alternatively A Motion To Vacate Or Set Aside Conviction Or Sentence Pursuant To 28 U.S.C. §2255, para. 6, subpart 3," filed January 20, 2006. For the reasons stated here, the petitioner's so-called Motion to Preserve or to Vacate will be <u>denied</u>

A review of the underlying criminal record reflects that on August 23, 1996, a jury convicted the petitioner of the sole charge which he was facing--conspiracy to possess with intend to distribute, and to distribute cocaine and cocaine base, all in violation of 21 U.S.C. §§841(a)(1) and 846. Next, on January 31, 1997, the Court sentenced the petitioner to a term of 235 months imprisonment.

The petitioner gave a timely notice of appeal to the Fourth Circuit Court of Appeals. However, in an unpublished opinion issued on July 24, 1998, the appellate Court rejected the petitioner's claims and affirmed his conviction and sentence.

Next, on August 30, 1999, the petitioner filed a Motion to Vacate under 28 U.S.C. §2255 (see Ramsey v. United States, 5:99CV129-V-04)). However, on April 30, 2001, the petitioner's Motion to Vacate was denied and dismissed. The petitioner appealed that decision to the Fourth Circuit Court of Appeals. Nevertheless, on September 13, 2001, that Court denied the petitioner's request for a certificate of appealability, and dismissed his appeal. The petitioner then filed a Petition for a Writ of Certiorari in the U.S. Supreme Court. Not surprisingly, however, on March 4, 2002, the Supreme Court dismissed the petitioner's Certiorari Petition.

Apparently undaunted by his lack of success, on July 25, 2002, the petitioner filed a Motion to Vacate under Fed.R.Civ.P. 60(b), seeking to vacate the Court's April 2001 Order by which it denied his Motion to Vacate. However, on January 27, 2003, this Court denied the petitioner's Motion to Vacate the Judgment. Once again, the petitioner appealed that decision to the Fourth Circuit Court of Appeals. However, the appellate Court dismissed the petitioner's appeal in an unpublished opinion entered September 9, 2004.

Now, by the instant Motion to Preserve or to Vacate, the petitioner asks the Court "to grant him the right to preserve the newly recognized right established in . . . Blakely v. Washington, 542 U.S. 296 (2004), and the subsequent ruling in United States v. Booker/ Fanfan, 543 U.S. 220 (2005)." Furthermore, the petitioner asks, in the alternative, that this Court "permit [him] to vacate or set aside his conviction or sentence pursuant to 28 U.S.C. §2255, para. 6, subpart (3) and/or in accordance with In re Cabey, 429 F.3d 93 (4th Cir. 2005) . . . ."

While the petitioner does not explain exactly how he intends to "preserve" his rights, he does suggest that his goal is to have his conviction and/or sentence vacated. Moreover, the petitioner attempts to argue that the one-year limitations calculation method set forth under 28 U.S.C. §2255, para. 6, subpart (3) is applicable to his case, and that such provision entitles him to file a motion to vacate in order to press his newly recognized rights as announced in Booker and Blakely. However, 28 U.S.C. §2244(3)(A) states that "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

In In re: Cabey, the Fourth Circuit indicated that a second petition which directly challenges or otherwise implicates "the finality of the conviction and sentence," such as the instant one,

**3**

typically is successive.  Indeed, in United States v. Winestock, 340 F.3d 200, 207 (4th Cir.), cert. denied, 540 U.S. 995 (2003), the Court explained that "a motion directly attacking the conviction or sentence will usually amount to a successive application" for which pre-filing authorization is required.  Put another way, a motion with "a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment" and/or a motion which raises "new legal arguments" will "virtually always implicate the rules governing successive applications."  Id.

Inasmuch as it appears that the petitioner's Motion to Preserve is calculated to lead to his filing a second motion to vacate in order to challenge his conviction and/or sentence, such Motion must be denied.  To be sure, any such motion under §2255 would be considered successive, and this Court would be without authorization to consider the merits of any claims set forth therein.  See 28 U.S.C. §2244.  Therefore, if the petitioner were to file another motion to vacate, it would be subject to summary dismissal.

Moreover, to the extent that the petitioner is arguing that he should benefit from the calculation method outlined in §2255, para. 6, subpart(3) based on a new rule announced by the Supreme Court in Booker, he is mistaken.  The Supreme Court has explained that the one-year limitations period under subpart (3) can be broken into two clauses, the latter being more significant than the former.

Dodd v. United States, 125 S.Ct. 2478, 2482 (2005).

In particular, the Court stated that the two clauses of subpart (3) provide that: (a) the date on which a new right was initially recognized can be used as the date from which to calculate the one-year limitations period; (b) only "if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Id. In other words, the second clause "imposes a condition on the applicability of the entire subsection" such that the provision does not apply at all if the newly recognized right has not been made retroactively applicable to cases on collateral review. Id at 2482.

Critically, the Supreme Court has not made the rules which it recently announced in Booker or Blakely retroactively applicable in the collateral review context. Furthermore, the Fourth Circuit has explicitly held that the rules announced in those cases are not retroactively applicable to cases on collateral review. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). See also United States v. Sanders, 247 F.3d 139 (4th Cir), cert. denied, 534 U.S. 1032 (2001) (holding that Apprendi, the genesis of Booker and Blakely, is not retroactively applicable to cases which are on collateral review); and United States v. Fowler, No. 05-6493, slip op. at 1 (W.Va. June 17, 2005) (stating that "neither Booker nor Blakely announce a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review."). Therefore,

even if this Court were to grant the petitioner's request to "preserve" his right, he simply cannot satisfy the conditions stated in 28 U.S.C. §2255, para. 6, subpart(3) because the holdings which were articulated in <u>Booker</u> and <u>Blakely</u> have not been made retroactively applicable to cases on collateral review.

Accordingly, for the above-stated reasons, the petitioner's "Motion To Preserve Newly Recognized Right Pursuant To <u>U.S. v. Booker</u> . . . Or To Vacate" will be **DENIED**.

**SO ORDERED.**

Signed: January 30, 2006

Richard L. Voorhees
Chief United States District Judge