UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
5:99CV129-V-2

| | |
|---|---|
| HUBERT RAMSEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER**, comes before the Court upon the petitioner's so-called "Omnibus Motion For Relief From Operation of Court's 04/30/2001 Order/Final Judgment Pursuant to Rule 60(b)(5), Fed. R. Civ. P. . . . ," filed August 28, 2006.

In his Motion, the petitioner requests relief from this Court's April 30, 2001 Order and Final Judgment. The Court's Order dismissed the petitioner's Motion to Vacate, Set Aside, or Correct Sentence, which Motion had been filed pursuant to 28 U.S.C. § 2255. In support of this Motion for Relief, the petitioner argues that the subject Order/Judgment no longer has prospective application pursuant to Rule 60(b)(5) of the Federal Rules of Civil Procedure due to certain recent changes in the law. Thus, the petitioner asserts that this Court may grant relief because "it is no longer equitable that the judgment should have prospective application." Agostini v. Felton, 521 U.S. 203, 215 (1997). However, the petitioner is mistaken as to

1

his belief that the law has changed in a way from which he now can benefit.

That is, even if they do support his claim, the two Fourth Circuit cases to which the petitioner points for support of his argument that the government breached its Non-Attribution Agreement simply cannot be retroactively applied to set aside either his 1997 conviction or this Court's 2001 Order dismissing his Motion to Vacate that conviction.

Moreover, to the extent that the petitioner is attempting to raise a new claim against his former defense counsel, or to resurrect an old claim against him, such attempt must be flatly rejected. To be sure, any such claim against counsel now would be time-barred and/or subject to dismissal as successive and unauthorized. To put it simply, the cases upon which the petitioner is relying do not provide a "significant change" in law in order to justify granting relief from a previously entered Order. <u>Rufo v. Inmates of Suffolk County Jail</u>, 502 U.S. 367, 384 (1992).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's Omnibus Motion For Relief is **DENIED**.

**SO ORDERED.**

Signed: October 5, 2007

*Richard L. Voorhees*

Richard L. Voorhees
United States District Judge